1  MESERVY LAW, P.C.
   LONDON D. MESERVY (SBN: 216654)
2  5060 Shoreham Place, Suite 300
   San Diego, CA 92122
3  Telephone:  858.779.1276
   Facsimile:   866.231.8132
4
   DENTE LAW, P.C.
5  MATTHEW S. DENTE (SBN: 241547)
   matt@dentelaw.com
6  5060 Shoreham Place, Suite 300
   San Diego, CA 92122
7  Telephone: 619.550.3475
   Facsimile:  619.342.9668
8
   Attorneys for Plaintiff Edwin Kapitanski and
9  for Members of the Class and Subclasses

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13  EDWIN KAPITANSKI, Individually and          Case No.:  3:23-cv-04900-JD
    on Behalf of Other Members of the Public
    Similarly Situated,                          **CLASS ACTION**
14
                 Plaintiff,                       **REPRESENTATIVE ACTION
15                                                [AS TO PLAINTIFF'S SEVENTH
          v.                                      THROUGH FIFTEENTH CLAIMS
16                                                FOR RELIEF]**

17  JET AVIATION FLIGHT SERVICES,                 **FIRST AMENDED COMPLAINT
    INC. AND DOES 1-10, INCLUSIVE,                FOR:**
18
                 Defendants.                      **(1) FAILURE TO PAY MINIMUM
19                                                WAGES;**

20                                                **(2) FAILURE TO PAY OVERTIME
                                                  WAGES;**
21
                                                  **(3) FAILURE TO PROVIDE
22                                                COMPLIANT ITEMIZED WAGE
                                                  STATEMENTS;**
23
                                                  **(4) FAILURE TO TIMELY PAY
24                                                WAGES DUE;**

25                                                **(5) FAILURE TO REIMBURSE
                                                  EMPLOYEE EXPENSES;**
26
                                                  **(6) UNFAIR COMPETITION;**
27
                                                  **(7) VIOLATION OF CALIFORNIA
28                                                LABOR CODE § 226(A) BROUGHT**

Case No.: 3:23-cv-04900-JD                       FIRST AMENDED COMPLAINT

UNDER THE LABOR CODE
PRIVATE ATTORNEYS GENERAL
ACT OF 2004 (CAL. LAB. CODE
§2698, ET SEQ.);

**(8) VIOLATION OF CALIFORNIA
LABOR CODE §§ 201-203 BROUGHT
UNDER THE LABOR CODE
PRIVATE ATTORNEYS GENERAL
ACT OF 2004 (CAL. LAB. CODE
§2698, ET SEQ.);**

**(9) VIOLATION OF CALIFORNIA
LABOR CODE § 510 BROUGHT
UNDER THE LABOR CODE
PRIVATE ATTORNEYS GENERAL
ACT OF 2004 (CAL. LAB. CODE
§2698, ET SEQ.);**

**(10) VIOLATION OF CALIFORNIA
LABOR CODE § 2802 BROUGHT
UNDER THE LABOR CODE
PRIVATE ATTORNEYS GENERAL
ACT OF 2004 (CAL. LAB. CODE
§2698, ET SEQ.);**

**(11) VIOLATION OF CALIFORNIA
LABOR CODE §§ 558 AND 1198
BROUGHT UNDER THE LABOR
CODE PRIVATE ATTORNEYS
GENERAL ACT OF 2004 (CAL. LAB.
CODE §2698, ET SEQ.);**

**(12) VIOLATION OF CALIFORNIA
LABOR CODE § 204 BROUGHT
UNDER THE LABOR CODE
PRIVATE ATTORNEYS GENERAL
ACT OF 2004 (CAL. LAB. CODE
§2698, ET SEQ.);**

**(13) VIOLATION OF CALIFORNIA
LABOR CODE §§ §§ 1182, ET SEQ.,
1197, 1197.1, AND 1194 AND THE
APPLICABLE IWC WAGE
ORDER(S) BROUGHT UNDER THE
LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE §2698, ET
SEQ.);**

**(14) VIOLATION OF CALIFORNIA
LABOR CODE § 227.3 BROUGHT
UNDER THE LABOR CODE
PRIVATE ATTORNEYS GENERAL
ACT OF 2004 (CAL. LAB. CODE**

**§2698, ET SEQ.); AND**

**(15) VIOLATION OF CALIFORNIA LABOR CODE §§ 226(C), 432, AND 1198.5 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE §2698, ET SEQ.).**

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Edwin Kapitanski ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against Jet Aviation Flight Services, Inc. ("Defendant").

## **VENUE**

1.    This action was originally filed in the Superior Court of the State of California, County of San Mateo, Case No. 23-CIV-03953.

2.    On September 25, 2023, Defendant Jet Aviation Services, Inc. removed this action under 28 U.S.C. § 1332 (diversity jurisdiction) alleging that the amount in controversy for Plaintiff exceeded $75,000, exclusive of interest and costs, and that Plaintiff and Defendant are citizens of different states.

3.    Because this action was originally filed in the Superior Court of the State of California, County of San Mateo, venue lies in the Northern District of California under 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## **PARTIES**

4.    Plaintiff Edwin Kapitanski is, and at times mentioned in the Complaint was, a resident of San Diego County, California.

5.    Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein Jet Aviation is a corporation organized and existing under the laws of Maryland and was at all times mentioned herein licensed and qualified to do business in California. On information and belief, Plaintiff alleges that at all relevant times referenced herein Jet Aviation did and continues to transact business in California.

6.    Whenever in this Complaint reference is made to any act, deed, or conduct of Jet Aviation, the allegation means that Jet Aviation engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Jet Aviation.

## **ALLEGATIONS REGARDING PAGA REPRESENTATIVE ACTION**

7.    Plaintiff incorporates by reference and realleges each and every allegation

contained above, as though fully set forth herein.

8. On August 9, 2023, Plaintiff gave notice under the California Labor Code Private Attorneys General Act of 2004, California Labor Code §2698, et seq. ("PAGA") to the California Labor and Workforce Development Agency ("LWDA") and Defendant of his intent to bring this action for civil penalties for violations committed against him and other current and/or former employees of Defendant in California including, but not limited to pilots of all levels ("Aggrieved Employees"). Over sixty-five calendar days passed since Plaintiff gave notice to the LWDA and Defendant. The LWDA has not provided Plaintiff with any response to Plaintiff's notice. Accordingly, under California Labor Code §2699.3(a)(2)(A), Plaintiff is entitled to bring these claims on a representative basis under PAGA.

9. Plaintiff brings his Ninth through Nineteenth Claims for Relief on a representative basis for recovery of penalties under PAGA. *See Arias v. Super. Ct.*, 46 Cal. 4th 969 (2009). PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of himself or herself and other current and/or former employees, on a representative basis, to address an employer's violations of the California Labor Code. In this case, Defendant violated California Labor Code §§ 201, 202, 203, 204, 226(a), 226(c), 227.3, 510, 558, 1198, 432, 1182 et seq., 1197, 1197.1, 1194, 1198.5 and 2802 as set forth more fully below. Plaintiff seeks PAGA penalties on behalf of himself, Defendant's Aggrieved Employees, and the State of California.

10. Plaintiff's Ninth through Nineteenth Claims for Relief are suitable for treatment as a representative action under PAGA for the following reasons:

(a) The violations set forth in Plaintiff's Ninth through Nineteenth Claims for Relief allege violations of the California Labor Code for which the Labor Code provides a civil penalty to be assessed and recovered by the LWDA or any department, division, commission, boards, agencies, or employees, or for which a penalty is provided for under California Labor Code §2699(f);

1   (b)   Plaintiff is an "aggrieved employee" because he was employed as a

2   pilot employee by Defendant and had one or more of the offending violations committed

3   against him – including within the year prior to filing Plaintiff's PAGA exhaustion letter

4   and the year preceding the original Complaint;

5   (c)   Plaintiff seeks to recover PAGA penalties on behalf of himself and

6   other "current and former employees";

7   (d)   Plaintiff has complied with the requirement to commence a civil action

8   under California Labor Code §2699.3; and

9   (e)   Plaintiff has complied with the exhaustion requirements of PAGA by

10   providing the statutorily required notice to Defendant and the LWDA on August 9, 2023,

11   concerning the PAGA claims Plaintiff intends to pursue. More than sixty-five days have

12   elapsed since Plaintiff served the PAGA notice.

13   **CLASS ACTION ALLEGATIONS**

14   11.   Plaintiff also brings this action on behalf of himself and as a representative of a

15   class and subclasses as defined by Rule 23 of the Federal Rules of Civil Procedure.

16   12.   All claims alleged herein arise under California law for which Plaintiff seeks

17   relief as authorized by California and federal law.

18   13.   The proposed Class is comprised of and defined as:

19   Any and all persons who are or were employed by Defendants as a pilot (of
20   any level and all similar positions however titled) in the State of California
    within the four years prior to the filing of the original complaint in this
21   action until resolution of this lawsuit (herein collectively referred to as the
    "Class" or "Class Members").

22   14.   The proposed Paystub Subclass is comprised of and defined as:

23   All Class Members employed by Defendants at any time within three years
    prior to the filing of the original complaint in this action until resolution of
24   this lawsuit (herein collectively referred to as the "Paystub Subclass" or
25   "Paystub Subclass Members").

26   15.   The proposed Waiting Time Subclass is comprised of and defined as:

27   All Class Members whose employment was terminated at any time within
    three (3) years prior to the filing of the complaint in this action until
28   resolution of this lawsuit (hereinafter collectively referred to as the "Waiting

Time Subclass" or "Waiting Time Subclass Members").

16.     There is a well-defined community of interest in this litigation and the Class and Subclasses are easily ascertainable as set forth below:

(a)     Numerosity: The members of the Class and Subclasses are so numerous that joinder of all Class Members, and Paystub and Waiting Time Subclass Members, would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiff. However, the Class is estimated to be greater than one-hundred (100) individuals, the Paystub Subclass is estimated to be greater than one-hundred (100) individuals, and the Waiting Time Subclass is estimated to be greater than fifty (50) individuals. The number of employees in the Class and Subclasses and the identity of those individuals is readily ascertainable by inspection of Defendants' employment records.

(b)     Typicality: Plaintiff is qualified to and will fairly and adequately protect the interest of each member of the Class and Subclasses. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each of member of the Class and Subclasses in separate actions. All Class Members have been similarly harmed by being denied wages, including premium/overtime wages. All Paystub Subclass Members have been similarly harmed by being provided with non-compliant itemized wage statements. All Waiting Time Subclass Members have been similarly harmed by not being paid all wages owed them on the termination of their employment from Defendants. Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and Subclasses.

(c)     Adequacy: Plaintiff is qualified to and will fairly and adequately protect the interests of each member of the Class and Subclasses. Plaintiff

acknowledges he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and Subclasses. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, and settlement and experienced in handling such matters.

(d) <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of the Class Members' Paystub Subclass Members, and/or Waiting Time Subclass Members' rights and the disposition of their interests through actions to which they were not parties.

(e) <u>Public Policy Considerations</u>: Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.

17. There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual members including, but not limited to:

(a) Whether, due to the practice of universally classifying Class Members as exempt from overtime, Defendants failed to pay legally required premium overtime compensation to Plaintiff and Class Members for hours Plaintiff and Class Members worked in excess of eight (8) hours

per day, forty (40) hours per week, and double time wages for work over twelve (12) hours per day;

(b)     Whether, due to the practice of universally classifying Class Members as exempt from overtime, Defendants failed to pay legally required minimum wage compensation to Plaintiff and Class Members for hours Plaintiff and Class Members worked;

(c)     Whether Defendants failed to provide Plaintiff and Paystub Subclass Members with wage statements that complied with the requirements of the California Labor Code § 226;

(d)     Whether Defendants failed to pay wages to Plaintiff and Waiting Time Subclass Members in accordance with the timing requirements of Labor Code §§ 201 and/or 202;

(e)     Whether Defendants failed to pay Plaintiff and Waiting Time Subclass Members all wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ;

(f)     Whether Defendants' conduct was willful;

(g)     Whether Defendants failed to reimburse Plaintiff and Class Members for business expenses they incurred in violation of California Labor Code § 2802;

(h)     Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§ 17200, et seq.; and

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

18.     Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

19.     Plaintiff was employed by Defendants as a pilot in California in 2023.

20.     At all times relevant, including the four-year period prior the filing of this complaint, Defendants classified Plaintiff and Class Members as exempt from the overtime requirements of the applicable IWC Wage Order and the California Labor Code despite the

fact that, among other considerations, Plaintiff and Class Members, did not manage any employees, did not exercise discretion or independent judgment as defined by California law, and regularly performed non-exempt work in excess of 50% of the time.

21. At all times relevant, Plaintiff and Class Members consistently worked more than eight (8) hours in a day, twelve (12) hours in a day, forty (40) hours in a week, and on a seventh consecutive day - and were not paid overtime or double-time compensation.

22. At all times relevant, Plaintiff and Class Members received no compensation for all work they performed for Defendants over eight (8) hours in a day and/or forty (40) hours in a week due in part to Defendants' classification of Plaintiff and Class Members as exempt employees paid a salary.

23. At all times relevant, Plaintiff and Class Members were required to use their mobile telephone, mobile telephone service, and home internet service to perform their jobs for Defendants. Despite this, Defendants did not reimburse Plaintiff and Class Members the use of their mobile telephone and the costs of their mobile telephone and home internet services.

24. At all times relevant, Defendants provided Plaintiff and Paystub Subclass Members with wage statements that failed to show: (1) the actual number of hours worked; (2) the number of overtime hours worked; (3) all applicable hourly rates; (4) all applicable overtime rates; and (5) accurate accounts of gross and net wages earned by Plaintiff and Paystub Subclass Members.

25. At all times relevant, Defendants failed to provide Plaintiff and Waiting Time Subclass Members all wages owed to them at the termination of their employment with Defendants, whether voluntary or involuntary.

26. Plaintiff is informed and believes, and thereon alleges, that Defendants were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members entitled to receive overtime/double-time

compensation and that they were denied said compensation.

28.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant to Plaintiff's Causes of Action, Defendants knew that they had a duty to: (1) compensate Plaintiff and Class Members with at least minimum wages for all hours worked; (2) premium overtime wages; (3) reimburse necessary and required business expenses; and (4) provide Plaintiff and Paystub Subclass Members itemized wage statements containing the information required by Labor Code § 226(a). Defendants had the financial ability to comply with the foregoing requirements, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and Class Members that they were properly denied premium overtime wages and expense reimbursements, all in order to increase Defendants' profits.

## FIRST CLAIM FOR RELIEF FOR FAILURE TO PAY WAGES, INCLUDING MINIMUM WAGES

**(By Plaintiff and Class Members Against All Defendants)**

29.     Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

30.     At all relevant times, California Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful.

31.     At all times relevant, Plaintiff and Class Members were not paid at least minimum wages for all hours that they worked. Plaintiff and Class Members were paid a salary that only covered hours worked up to 8 hours in a day and 40 hours in a workweek. Plaintiff and Class Members regularly worked over 8 hours in a workday and over 40 hours in a workweek.

32.     At all times relevant, Defendants regularly failed to pay minimum wage to Plaintiff and Class Members as required. Defendants' failure to pay Plaintiff and Class Members minimum wages as required violates California Labor Code §1197.

33.     Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees pursuant to

California Labor Code §1194 and liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon under California Labor Code §1194.2.

## SECOND CLAIM FOR RELIEF FOR FAILURE TO PAY OVERTIME WAGES
### (By Plaintiff and Class Members Against All Defendants)

34. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

35. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC without paying them the proper overtime compensation as required by the IWC and California law.

36. At all times relevant, the IWC Wage Order applicable to Plaintiff's and Class Members' employment with Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of time-and-one-half his or her regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of two times her or her regular rate of pay.

37. California Labor Code § 510 codifies the right to overtime compensation at the rate of time-and-one-half of the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

38. At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day.

39. At all times relevant, Defendants failed to pay premium overtime wages owed to Plaintiff and Class Members.

40. At all times relevant, Plaintiff and Class Members regularly performed non-exempt work in excess of 50% of the time, and thus were subject to the overtime requirements of the applicable IWC Wage Order and the California Labor Code.

41. Defendants' failure to pay Plaintiff and Class Members overtime compensation for overtime hours worked violates the applicable IWC Wage Order and California Labor Code §§ 510 and 1198 and is therefore unlawful.

42. Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the amounts owed.

43. Under California Labor Code § 1194 and 510, Plaintiff and Class Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## THIRD CLAIM FOR RELIEF FOR FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS

### (By Plaintiff and Paystub Subclass Members Against All Defendants)

44. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

45. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (5) net wages earned …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." California Labor Code § 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

46. Within the three-year period prior to the filing of this Complaint, Defendants knowingly and intentionally failed to furnish Plaintiff and Paystub Subclass Members

compliant wage statements upon each payment of wages in violation of California Labor Code § 226(a). Specifically, the wage statements Defendants provided to Plaintiff and Paystub Subclass Members violated California Labor Code §226(a) because they failed to include accurate statements of the items required by Labor Code § 226(a), including: the correct gross wages earned; the correct net wages earned; the proper applicable hourly rates in effect during the pay period; the total hours worked; and the name and address of the employer.

47.    California Labor Code § 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

48.    California Labor Code § 226(e)(2)(B) states in pertinent part "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: … (i) …any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a)…." Further, Plaintiff and Paystub Subclass Members were injured and suffered actual damages as a result of these failures because, among other things, the failures led them to believe that they were not entitled to be paid wages for overtime that they were entitled to under California's Labor Code and the applicable IWC Wage Order. Also, Defendants' failure to comply with Labor Code § 226(a) hindered Plaintiff and Paystub Subclass Members from determining the amounts of wages actually owed them.

49.    Defendants knowingly and intentionally failed to furnish Plaintiff and Paystub Subclass Members with compliant wage statements upon each payment of wages in violation of California Labor Code § 226(a).

50. Plaintiff and Paystub Subclass Members were injured and damaged by Defendants' failure to comply with California Labor Code §226(a) and, accordingly, are entitled to recover statutory penalties, attorneys' fees, and costs under Labor Code § 226(e).

## FOURTH CLAIM FOR RELIEF FOR FAILURE TO TIMELY PAY WAGES DUE

### (By Plaintiff and Waiting Time Subclass Members Against All Defendants)

51. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

52. Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) workdays.

53. Because Defendants willfully and illegally withheld minimum wage and overtime and double-time wages, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Waiting Time Subclass Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ.

54. Defendants' willful failure to pay Plaintiff and Waiting Time Subclass Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

55. As a result, Defendants are liable to Plaintiff and Waiting Time Subclass Members for waiting time penalties under Labor Code §203, in an amount according to proof at the time of trial.

## FIFTH CLAIM FOR RELIEF FOR FAILURE TO REIMBURSE EMPLOYEE EXPENSES

### (By Plaintiff and Class Members Against All Defendants)

56. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

57. California Labor Code § 2802 provides in pertinent part that: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties …."

58. For the four-year period preceding the filing of this complaint, Plaintiff and Class Members have been required to incur and pay for expenses in the discharge of their employment duties including, but not limited to expenses for the purchase of their mobile telephones, mobile telephone usage, and required home internet access, all without reimbursement from Defendants.

59. As a proximate result of Defendants' violations of Labor Code § 2802, Plaintiff and Class Members have been damaged in an amount according to proof.

60. Plaintiff and Class Members are entitled to recover the full amount of the expenses they incurred in the course of their job duties, plus interest, attorneys' fees, and costs under Labor Code § 2802.

## SIXTH CLAIM FOR RELIEF FOR UNFAIR COMPETITION

### (By Plaintiff and Class Members Against All Defendants)

61. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

62. A violation of California Business and Professions Code §§ 17200, et seq. may be predicated on the violation of any state or federal law. Here, Defendants' employment policies and procedures including, but not limited to, their failure to pay Plaintiff and Class Members at least minimum wages for all hours worked and premium overtime wages violates the IWC Wage Order applicable to Plaintiff and Class Members as well as California Labor Code §§ 510, 1182, et seq., 1197, 1197.1, 1194, 1198, and 2802, and constitutes unfair

competition and unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, et seq.

63. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

64. Plaintiff and Class Members were personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

65. Under California Business and Professions Code §§ 17200, et seq., Plaintiff and Class Members are entitled to restitution of the minimum wages and premium overtime wages unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, and an award of costs.

**SEVENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE § 226(a) BROUGHT UNDER THE PAGA**

**(By Plaintiff as a Private Attorney General Against Defendant)**

66. Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

67. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages:

Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units

earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

68. During the year preceding the submission of Plaintiff's PAGA exhaustion letter through the present, the itemized wage statements that Defendant provided to Plaintiff and other Aggrieved Employees did not meet the requirements of California Labor Code § 226(a) by failing to: (1) report the correct gross wages earned; (2) report the correct net wages earned; (3) show the proper applicable hourly rates in effect during the pay period; (4) report the total hours worked; and (5) show the name and address of the entity of the legal employer all in violation of California Labor Code §§ 226(a). A violation of California Labor Code § 226(a) gives rise to private right of action under PAGA.

69. Plaintiff seeks civil penalties for Defendant's violations of California Labor Code § 226(a) under California Labor Code § 226.3 to the extent that it provides for such penalties. In the alternative, Plaintiff seeks civil penalties for Defendant's violations of Section 226(a) under California Labor Code § 2699(f)(2).

70. Plaintiff request penalties against Defendant for its violation of California Labor

Code § 226(a) as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## EIGHTH CLAIM FOR RELIEF FOR VIOLATION CALIFORNIA LABOR CODE §§ 201-203 BROUGHT UNDER THE PAGA

### (By Plaintiff as a Private Attorney General Against Defendant)

71. Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

72. California Labor Code §§ 201 and 202 set forth the timing requirements for the payment of wages due upon an employee's separation of employment. California Labor Code § 203 furthermore provides that a waiting time penalty must be paid should the timing requirements in California Labor Code §§ 201 or 202 not be complied with.

73. Because it failed to pay proper minimum and overtime wages to Plaintiff and other Aggrieved Employees in California, Defendant did not pay Plaintiff and other Aggrieved Employees in California all wages due upon separation of employment and by the times set forth in Sections 201 or 202 as applicable during the year preceding the submission of Plaintiff's PAGA exhaustion letter through the present.

74. Plaintiff seeks civil penalties for these violations of California Labor Code §§ 201-203, including under California Labor Code § 256. In the alternative, Plaintiff seeks civil penalties for Defendant's violations of California Labor Code §§ 201-203 under California Labor Code § 2699(f)(2).

75. Plaintiff requests penalties against Defendant for its violation of California Labor Code §§ 201-203 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## NINTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE § 510 BROUGHT UNDER THE PAGA

### (By Plaintiff as a Private Attorney General Against Defendant)

76. Plaintiff incorporates by reference and realleges each and every allegation

contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

77.    During the year preceding the submission of Plaintiff's PAGA exhaustion letter through the present, Defendant failed to pay required overtime compensation to Plaintiff and other Aggrieved Employees in California as required by California Labor Code § 510. Specifically, Defendant failed to compensate Plaintiff and other Aggrieved Employees in California overtime compensation for all hours worked in excess of eight (8) in a day or forty (40) in a week. These violations occurred due to Defendant's misclassification of Plaintiff and other Aggrieved Employees in California as exempt from California's overtime laws.

78.    Plaintiff seeks civil penalties under California Labor Code § 2699(f)(2) against Defendant for its violation of California Labor Code § 510 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## TENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE § 2802 BROUGHT UNDER THE PAGA

### (By Plaintiff as a Private Attorney General Against Defendant)

79.    Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

80.    California Labor Code § 2802(a) provides that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

81.    California Labor Code § 2802(a), requires Defendant to indemnify Plaintiff and other Aggrieved Employees for all expenditures and losses incurred by their employees in direct consequence of the discharge of their duties or obedience to the directions of Defendant including, but not limited to, expenses for mobile telephones, mobile telephone usage, and home internet necessary and required to perform work.

82.     During the year preceding the submission of Plaintiff's PAGA exhaustion letter through the present, Defendant did not provide indemnification to Plaintiff and other Aggrieved Employees for these expenditures in violation of California Labor Code § 2802.

83.     Plaintiff seeks civil penalties for Defendant's violations of California Labor Code § 2802 under California Labor Code § 2699(f)(2).

84.     Plaintiff requests civil penalties against Defendant for its violation of California Labor Code § 2802 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## ELEVENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 558 AND 1198 BROUGHT UNDER THE PAGA

### (By Plaintiff as a Private Attorney General Against Defendant)

85.     Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

86.     California Labor Code § 1198 provides that "the employment of an employee … under conditions of labor prohibited by the [wage] order is unlawful." California Labor Code § 558 provides for a penalty where "[a]ny employer … violates …any provision regulating hours and days of work in any order of the Industrial Welfare Commission…"

87.     During the year preceding the submission of Plaintiff's PAGA exhaustion letter through the present, Defendant failed to pay minimum wages, overtime wages, and keep records required by Section 6 of the applicable IWC Wage Order(s), as to Plaintiff and other Aggrieved Employees in California.

88.     Defendant's failure to pay minimum wages, overtime wages, and keep records required by Section 6 of the applicable IWC Wage Order(s) as to Plaintiff and other Aggrieved Employees in California violated Paragraphs 3, 4, 6, and 12 of the applicable California IWC Wage Order, respectively, and therefore violated California Labor Code §§ 1198 and/or 558.

89.     Plaintiff seeks civil penalties specifically assigned to violations of California

Labor §§ 558, 1198, and the applicable IWC Wage order available under California Labor Code § 558 against Defendant for its violation of California Labor Code §§ 558 and 1198 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## TWELVTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE § 204 BROUGHT UNDER THE PAGA

**(By Plaintiff as a Private Attorney General Against Defendant)**

90.   Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

91.   California Labor Code § 204 requires employees to be paid for work performed between the 1st and 15th day of the month between the 16th and 26th day of the month, and to be paid for work performed between the 16th and last day of the month between the 1st and 10th day of the following month. In the alternative, employees paid on a weekly or bi-weekly basis can be paid no later than 7 days after the end of the applicable weekly or bi-weekly pay period.

92.   During the year preceding the submission of Plaintiff's PAGA exhaustion letter through the present, Defendant willfully failed to timely pay Plaintiff its other Aggrieved Employees all overtime wages, minimum wages, and vacation wages owed them in accordance with California Labor Code § 204.

93.   PAGA, specifically California Labor Code § 2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the Labor Code that contain their own civil penalties. California Labor Code § 210 contains the civil penalties for violations of California Labor Code § 204. Accordingly, Plaintiff seeks the civil penalties set forth in California Labor Code § 210 for Defendant's violations of California Labor Code § 204.

94.   Plaintiff requests penalties against Defendants for their violation of California Labor Code § 204 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

**THIRTEENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 1182, ET SEQ., 1197, 1197.1, AND 1194, AS WELL AS THE APPLICABLE IWC WAGE ORDER(S) BROUGHT UNDER THE PAGA**

**(By Plaintiff as a Private Attorney General Against Defendant)**

95.   Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

96.   During the year preceding the submission of Plaintiff's PAGA exhaustion letter through the present, Defendant failed to pay Plaintiff and its other Aggrieved Employees for all hours worked and failed to pay Plaintiff and its other Aggrieved Employees minimum wage for all hours worked in violation of California Labor Code §§ 1182, et seq., 1197, 1197.1, and 1194, as well as the applicable IWC wage order(s). These violations occurred in part due to Defendant's systematic practice of classifying Plaintiff and its other Aggrieved Employees as exempt even though they did not meet the minimum requirements for exempt duties under California law.

97.   PAGA, specifically California Labor Code § 2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the Labor Code that contain their own civil penalties. California Labor Code § 1197.1 contains the civil penalties for violations of California Labor Code §§ 1182, et seq., 1197, and 1197.1. Accordingly, Plaintiff seeks the civil penalties set forth in California Labor Code § 1197.1 for Defendant's violations of California Labor Code §§ 1182, et seq., 1197, and 1197.1.

98.   Plaintiff requests penalties against Defendant for their violation of California Labor Code § 1182, et seq., 1194, 1197 and 1197.1 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

**FOURTEENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE § 227.3 BROUGHT UNDER THE PAGA**

**(By Plaintiff as a Private Attorney General Against Defendant)**

99.   Plaintiff incorporates by reference and realleges each and every allegation

contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

100. Labor Code § 227.3 states in relevant part: "Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

101. During the year preceding the submission of Plaintiff's PAGA exhaustion letter through the present, Defendant failed to pay Plaintiff and its other Aggrieved Employees for all accrued but unused vacation on termination in violation of Labor Code § 227.3.

102. Plaintiff seeks civil penalties for Defendant's violations of California Labor Code § 227.3 under California Labor Code § 2699(f)(2).

103. Plaintiff requests civil penalties against Defendant for its violation of California Labor Code § 227.3 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## FIFTEENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 226(C), 432, and 1198.5 BROUGHT UNDER THE PAGA

### (By Plaintiff as a Private Attorney General Against Defendant)

104. Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

105. Labor Code §§ 226(c), 432, and 1198.5 provide employees with the right to receive, within specified time frames, copies of (1) the information contained on their itemized wage statements; (2) their personnel file/employee file; and (3) documents they have signed relating to the obtaining or holding of employment.

106. Plaintiff made a written request for all of the records required to be provided by

Labor Code §§ 226(c), 432, and 1198.5, but Defendant failed to respond to Plaintiff's request at all, let alone within the required time frames.

107. On information and belief, during the year preceding the submission of Plaintiff's PAGA exhaustion letter through the present, Defendant failed to timely and completely respond to records requests from Plaintiff and other of its Aggrieved employees as required by Labor Code §§ 226(c), 432, and 1198.5.

108. PAGA, specifically California Labor Code § 2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the Labor Code that contain their own civil penalties. California Labor Code §§ 226(f) and 1198.5(k) contain the civil penalties for violations of California Labor Code §§ 226(c), 432, and 1198.5. Accordingly, Plaintiff seeks the civil penalties set forth in California Labor Code §§ 226(f) and 1198.5(k) for Defendant's violations of California Labor Code §§ 226(c), 432, and 1198.5.

109. Plaintiff requests penalties against Defendant for their violation of California Labor Code §§ 226(c), 432, and 1198.5 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class and Subclasses; and

3. That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

### On The First Claim for Relief

1. For compensatory damages in an amount equal to the amount of unpaid minimum wages owed to Plaintiff and Class Members;

2. For pre-judgment interest on any unpaid minimum wages due from the day that such amounts were due;

3.  For reasonable attorneys' fees and costs pursuant to Labor Code §1194 and liquidated damages pursuant to Labor Code §1194.2; and

4.  For such other and further relief as the Court deems proper.

### On the Second Claim for Relief

1.  For compensatory damages in an amount equal to the amount of unpaid overtime compensation owed to Plaintiff and Class Members;

2.  For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3.  For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4.  For such other and further relief as the Court deems proper.

### On the Third Claim for Relief

1.  For statutory damages measured at $50 for the first violation, and $100 for every subsequent violation, for Plaintiff and Paystub Subclass Members under California Labor Code § 226(e);

2.  For actual damages according to proof;

3.  For reasonable attorneys' fees and costs under California Labor Code § 226(e); and

4.  For such other and further relief as the Court deems proper.

### On The Fourth Claim for Relief

1.  For statutory penalties for Plaintiff and Waiting Time Subclass Members pursuant to Labor Code §203;

2.  For pre-judgment interest for wages untimely paid; and

3.  For reasonable attorneys' fees and costs;

4.  For such other and further relief as the Court deems proper.

### On the Fifth Claim for Relief

1.  For compensatory damages in an amount equal to the amount of unreimbursed business expenses owed to Plaintiff and Class Members;

| | |
|---|---|
| 1 | 2. For pre-judgment interest on any unreimbursed business expenses due from |
| 2 | the day that such amounts were to be reimbursed; |
| 3 | 3. For reasonable attorneys' fees and costs under California Labor Code § 2802; |
| 4 | and |
| 5 | 4. For such other and further relief as the Court deems proper. |
| 6 | On the Sixth Claim for Relief |
| 7 | 1. That Defendants, jointly and/or severally, pay restitution and/or |
| 8 | disgorgement of sums to Plaintiff and Class Members for their failure to pay |
| 9 | minimum wages and premium overtime wages over the last four (4) years in |
| 10 | an amount according to proof; |
| 11 | 2. For pre-judgment interest on any unpaid wages due from the day that such |
| 12 | amounts were due; |
| 13 | 3. For reasonable attorneys' fees under California Code of Civil Procedure |
| 14 | §1021.5; |
| 15 | 4. For costs of suit incurred herein; and |
| 16 | 5. For such other and further relief as the Court deems proper. |
| 17 | On the Seventh Claim for Relief |
| 18 | 1. For penalties according to proof; |
| 19 | 2. For reasonable attorneys' fees and costs; and |
| 20 | 3. For such other and further relief as the Court deems proper. |
| 21 | On the Eighth Claim for Relief |
| 22 | 1. For penalties according to proof; |
| 23 | 2. For reasonable attorneys' fees and costs; and |
| 24 | 3. For such other and further relief as the Court deems proper. |
| 25 | On the Ninth Claim for Relief |
| 26 | 1. For penalties according to proof; |
| 27 | 2. For reasonable attorneys' fees and costs; and |
| 28 | 3. For such other and further relief as the Court deems proper. |

## On the Tenth Claim for Relief

1.   For penalties according to proof;

2.   For reasonable attorneys' fees and costs; and

3.   For such other and further relief as the Court deems proper.

## On the Eleventh Claim for Relief

1.   For penalties according to proof;

2.   For reasonable attorneys' fees and costs; and

3.   For such other and further relief as the Court deems proper.

## On the Twelvth Claim for Relief

1.   For penalties according to proof;

2.   For reasonable attorneys' fees and costs; and

3.   For such other and further relief as the Court deems proper.

## On the Thirteenth Claim for Relief

1.   For penalties according to proof;

2.   For reasonable attorneys' fees and costs; and

3.   For such other and further relief as the Court deems proper.

## On the Fourteenth Claim for Relief

1.   For penalties according to proof;

2.   For reasonable attorneys' fees and costs; and

3.   For such other and further relief as the Court deems proper.

## On the Fifteenth Claim for Relief

1.   For penalties according to proof;

2.   For reasonable attorneys' fees and costs; and

3.   For such other and further relief as the Court deems proper.

//

//

//

//

## **DEMAND FOR JURY TRIAL**

Plaintiff, Class Members, and Subclass Members request a jury trial in this matter.

Dated: December 19, 2023

MESERVY LAW, P.C.
DENTE LAW, P.C.


By: _____
LONDON D. MESERVY (SB# 216654)


Attorneys for Plaintiff Edwin Kapitanski and
for Members of the Class and Subclasses